UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JASON WADE,

     Plaintiff,

         v.                                    CAUSE NO. 2:25-CV-265-CCB-SJF

JEFFREY WEBB, CONNER LEFEVER,
GABRIELLE RUDE, MICHAEL
HAYNES, ROBERT GOLDSMITH,
TIPPECANOE COUNTY BOARD OF
COMMISSIONERS,

     Defendants.

## OPINION AND ORDER

Jason Wade, a prisoner without a lawyer, filed a motion to amend his complaint. ECF 31. The motion is not necessary because, as he was previously advised, he may amend once as a matter of course at this stage without the court's permission pursuant to Federal Rule of Civil Procedure 15(a)(1). That said, for the sake of judicial economy the motion will be granted, and the clerk will be directed to separately docket ECF 31-1 as the operative amended complaint.

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Wade has sued various law enforcement officers and officials in connection with his July 21, 2023, arrest and criminal prosecution in Tippecanoe County. He claims Sergeant Jeffrey Webb "approached [him] at gunpoint as [he] exited O'Rielly auto parts store" in Lafayette, Indiana. ECF 31-1 at 3. He says he was "treated different for reasons of profiling, due to what Officer Webb claimed he seen on the news a month prior." *Id.* at 4. Specifically, according to Wade, Officer Webb testified at Wade's trial that an Indiana State Police Trooper had been shot and killed by individuals "in a stolen vehicle outside of Indianapolis," and that Officer Webb believed that this fact alone "required additional investigation." *Id.* Wade states:

> This need to investigate coupled with his own sensitivity toward the recent happening involving a stolen automobile and the death of a fellow law enforcement officer caused Sgt. Webb to want to maintain a tactical advantage over Jason Wade. This is profiling and a direct violation of Plaintiff's constitutional rights.

*Id.* He claims Deputy Conner Lefever "assisted Sergeant Jeffrey Webb and initiated an unlawful arrest without probable cause." *Id.* He has also sued Sheriff Robert Goldsmith for "allow[ing] Sgt. Jeffrey Webb and Deputy Conner Lefever to be placed working in this plaintiff's housing pod at the Tippecanoe County Jail" which was "harassment and intimidation" according to Wade, because they both were witnesses at his criminal trial

2

and were "ultimately discredited." *Id*. at 5–6. Wade was eventually found not guilty at trial because the "charge(s) lacked probable cause." *Id*. at 4.

In addition to the law enforcement officers, Wade has sued Tippecanoe County Deputy Prosecutors Gabrielle Rude, Michael Haynes, and Alea M. Favero because they "started the prosecution of this plaintiff's case that resulted from an unlawful arrest without probable cause, resulting in prolonged wrongful incarceration, and malicious prosecution." *Id*. at 5. He has sued Tippecanoe Prosecutor Patrick K. Harrington because he "approved the charge(s)" and "allowed" the deputy prosecutors to litigate the claims against him. *Id*. at 6. He has sued Investigator Lucas Hitchings because he "reviewed the incident and forwarded the constitutional violations." *Id*. at 7. He believes he has a *Monell* claim because "all parties in the prosecutors' office" were "involved in constitutional violations." *Id*. at 5.

Finally, Wade has sued the "Tippecanoe County Board of Commissioners, County Commissioners, and all they employ" for being "involved directly and indirectly in the unlawful arrest without probable cause" and "prolonged wrongful incarceration or detainment." *Id*. at 6. Wade has requested monetary damages in the amount of $9,999,999.99 and for each of the defendants to be reprimanded.

The Fourth Amendment protects against unlawful pretrial detention, both before and after formal legal process. *Washington v. City of Chicago*, 98 F.4th 860, 863 (7th Cir. 2024). Implicit in any such unlawful detention—whether false arrest, false imprisonment, wrongful detention, or malicious prosecution—is that the arrest and/or detention isn't supported by probable cause. *Wang v. City of Indianapolis*, No. 24-2664,

2025 WL 1000158, at *5 (7th Cir. Apr. 3, 2025) (citing *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015)). In addition to being instituted without probable cause, a Fourth Amendment malicious prosecution claim also requires that the plaintiff show "the motive for the proceeding was malicious" and that "the prosecution ended in the plaintiff's favor." *Lee v. Harris*, 127 F.4th 666, 676 (7th Cir. 2025) (quoting *Thompson v. Clark*, 596 U.S. 36, 44 (2022)).

"Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). In general, probable cause is a "common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred." *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)). Probable cause isn't a "high bar," and requires "only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Washington*, 98 F.4th at 875.

Wade alleges he was arrested without probable cause, illegally searched, unlawfully detained, and subjected to malicious prosecution. However, he doesn't provide a state court case number or sufficient details to support any of these claims. He makes a vague reference to "profiling" due to a law enforcement officer being killed and claims that Officer Webb approached him at gunpoint outside of an auto parts

4

store, but these disjointed facts don't allow the court to piece together any semblance of what occurred on July 21, 2023, or why Wade believes he was wronged afterwards. The amended complaint is short on facts and long on legal conclusions. The court "need not accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) (citing *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013)). When the legal conclusions in Wade's amended complaint are disregarded—as the court may and indeed should do—it's not plausible to infer that Wade was arrested without probable cause or subjected to any other constitutional violations. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In addition, Wade has sued various prosecutors for bringing criminal charges against him. However, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler*

*v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id.* (internal quotation marks and citation omitted). To the extent Wade's suit challenges Prosecutor Harrington, Deputy Prosecutor Rude, Deputy Prosecutor Haynes, and Deputy Prosecutor Favero's discretionary prosecutorial decision-making actions in bringing the various charges—undoubtedly part of the judicial phase of the criminal process—these claims may not proceed.[1]

Wade also sprinkles the word *Monell* throughout his complaint, but he doesn't allege sufficient facts to state any sort of plausible claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). "At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Additionally, the plaintiff must show that an official policy "was the 'moving force' behind his constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Wade has done neither.

Finally, Wade has sued Sheriff Goldsmith and the County Board of Commissioners for what appear to be their supervisory roles. However, "[a] defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation." *Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025)

---

[1] Wade sues Lucas Hitchings, an investigator at the Prosecutor's office, for "reviewing the incident" and "forward[ing] the constitutional violations." ECF 31-1 at 7. These sparse allegations don't state a claim. *See Swanson*, 614 F.3d at 403.

(citation omitted). There is no *general respondeat* superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Accordingly, he has not stated any plausible claims against these defendants either.

This amended complaint does not state a claim for which relief can be granted. If Wade believes he can state a claim based on (and consistent with) the events described in it, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available online. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** the motion for leave to amend (ECF 31);

(2) **DIRECTS** the clerk to separately docket ECF 31-1 as the amended complaint;

(3) **DIRECTS** the clerk to send Jason Wade an updated copy of the docket sheet;

(4) **DENIES** the motion for a status update (ECF 29) and the motion of formal correspondence (ECF 32) as moot;

(5) **GRANTS** Jason Wade until **July 13, 2026**, to file a second amended complaint in accordance with this order; and

7

(6) **CAUTIONS** Jason Wade if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because it is frivolous to sue defendants who are immune from suit and because the current complaint does not state any claims for which relief can be granted.

SO ORDERED on June 15, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

8